IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WALLACE MCDONALD ASCENCIO | ) | CASE NO.  4:10CV0849 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| DR. TOSS, et al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Wallace McDonald Ascencio filed this action against private prison officials pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that they were deliberately indifferent to his serious medical needs. The defendants are Dr. Toss, a prison doctor at the Northeast Ohio Correctional Center, Jillian Shane, Grievance Officer, and Roddie Rushing, the warden. Upon review, this matter is dismissed pursuant to 28 U.S.C. § 1915(e).

**Facts**

Plaintiff, after pleading guilty in the United States District Court for the Southern District of Texas entering the United States after previous deportation in violation of 8 U.S.C. § 1326(a) and(h), is incarcerated in a private prison located in Youngstown, Ohio. Plaintiff's sentencing judge recommended that he be placed in an institution where he could receive medical treatment for his Hepatitis C. In his complaint, Plaintiff alleges the following additional facts.  When he arrived at the institution, he was examined by Dr. Toss who told him if he was a candidate for treatment, he would recommend that he receive it. Medical tests showed that his blood count was well above the normal

1

limit but Plaintiff did not receive any medical care. The doctor told him he was not getting the treatment because he had suffered a relapse. Plaintiff asked how he could have suffered a relapse if he did not receive any treatment at all. Defendant Shane then denied him the chance to review the doctor's decision even though treatment was recommended by the court. She allegedly created a deliberate indifference since she knew that Hepatitis C was a life threatening illness. Because of her denial and negligence, she has not performed her job which requires her to assure that prisoners are well protected physically and mentally. Plaintiff does not mention the Warden is not mentioned in the complaint.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

The Eighth Amendment protects prison inmates against deliberate indifference to their serious medical needs, regardless of how that deliberate indifference is evidenced. *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). The Sixth Circuit has repeatedly discussed the standard applied to claims such as that raised by Plaintiff.

> In order to hold a prison official liable for an Eighth Amendment violation, a plaintiff must demonstrate that the official acted with deliberate indifference to the inmate's safety. Deliberate indifference is comprised of both an objective and a subjective component. The objective component requires that the deprivation alleged be sufficiently serious, while the subjective component requires a plaintiff to establish

> that the government officials had a sufficiently culpable state of mind.
>
> To establish the subjective component, the plaintiff must establish that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Cardinal v. Metrish*, 564 F.3d 794, 801-02 (6th Cir. 2009) (citations, quotations, and alterations omitted).

Plaintiff has satisfied the objective component by alleging that he has Hepatitis C, a serious illness. However, upon review by the Court, there is no question that Plaintiff has failed to satisfy the subjective component of his claim. The subjective component requires that Plaintiff demonstrate the prison staff's awareness of "facts from which the inference could be drawn that a substantial risk of serious harm exist[ed.]" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff can satisfy this burden through facts and inferences drawn from circumstantial evidence. *Id.* at 842. Furthermore, this Court can find subjective knowledge based on the obviousness of the risk. *Id*.

The Court notes that the subjective component of its analysis exists "to prevent the constitutionalization of medical malpractice claims[.]" *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). Accordingly, negligence in diagnosing and treating a medical condition does not constitute unconstitutional deliberate indifference. *See Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995). Similarly, a prison doctor who provides careless or ineffective treatment may have engaged in medical malpractice, but cannot be found to be unconstitutionally deliberately indifferent. *Comstock*, 273 F.3d at 703. "If a prison official knew of a risk to inmate health or safety, and reasonably responded to the risk, that official is free from liability, even if he failed ultimately to

3

prevent harm." *Bertl v. City of Westland*, 2009 WL 247907 at *5 (6th Cir. Feb. 2, 2009) (citing *Farmer*, 511 U.S. at 844). Accordingly, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Plaintiff has stated that he was attended to by Dr. Toss who told him he was not getting the treatment because he suffered a relapse. He received medical attention. As in *Westlake*, his dispute concerns the adequacy of the treatment. Such decision may constitute negligence but does not amount to deliberate indifference. In that regard, the Court notes that Plaintiff has not alleged facts that would support even negligence. Instead, he has simply alleged that he has Hepatitis C and has not received his desired treatment. As such, he has fallen well short of demonstrating the subjective component of an Eighth Amendment claim.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: July 20, 2010                 */s/ John R. Adams*
                                    JUDGE JOHN R. ADAMS
                                    UNITED STATES DISTRICT JUDGE